IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ZIP-O-LOG MILLS, INC., dba<br>ZIP-O TIMBER CO.,<br><br>Plaintiff,<br><br>v.<br><br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1123C<br>(Judge Williams) |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits.

5. Admits.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by the sale contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7. Avers that the sales contract provided the estimated timber volumes in CCF units (hundred cubic feet).

8. Admits.

9. Denies.

10. Admits.

11. Admits the allegations contained in paragraph 11 to the extent supported by the sales contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Denies. Avers that Zip-O could only apply purchaser road credits to pay for timber under contract to Zip-O in the Willamette National Forest.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits. Avers that Special Provision CT6.25 states, in part, that "if other such areas are discovered, or if new species are listed, Forest Service may either cancel this contract under CT8.2 or unilaterally modify this contract to provide additional protection regardless of when such facts become known."

15. Denies the allegations contained in paragraph 15 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

16. Denies the allegations contained in paragraph 16 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

17. Admits.

18. Admits the allegations contained in paragraph 18 that Zip-O constructed all the roads required by the sale and that Zip-O removed an amount of timber. Denies the remaining allegations contained in paragraph 18.

19. Denies.

20. Denies.

21. Admits the allegations contained in paragraph 21 to the extent supported by the May 19, 1999 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits.

23. Admits the allegations contained in paragraph 23 that formal consultation was required because "a Likely to Adversely Affect determination" was necessary primarily due to the road work requirements on the Lois timber sale. Denies the allegation that a "Forest Service's Level I team" exists. Avers that the Interagency Level I Forest Service agreed with the Forest Service's determination that the Lois and Clark timber sales, when considered as one project, may affect and were likely to adversely affect spring Chinook salmon.

24. Denies.

25. Denies. Avers that the National Marine Fisheries Service ("NMFS") would not issue any further biological opinions following the decision in Pacific Coast Federation v. NMFS, and that the Forest Service decided to separate the Lois and Clark timber sales from the original Clark biological assessment.

26. Denies the allegations contained in the first sentence of paragraph 26. Avers that the Interagency Level I team agreed that performance of the Clark timber sale was not likely to adversely affect the species and that the team sent the biological assessment to NMFS for informal consultation on August 15, 2000. Admits the allegation contained in the second sentence of paragraph 26 that NMFS issued a letter of concurrence on September 27, 2000.

Denies the remaining allegations contained in the second sentence of paragraph 26.

27. Denies.

28. Denies. Avers that Zip-O could have harvested timber between January 16, 2002, and May 9, 2003.

29. Admits the allegations contained in paragraph 29 to the extent supported by the court rulings and Northwest Forest Plan cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 29.

30. Denies.

31. Admits the allegations contained in paragraph 31 to the extent supported by the lawsuit filed by the environmental groups, the Northwest Forest Plan, and the timber sales cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in the first sentence of paragraph 33. Denies the remaining allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the court order cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the stipulation and court order cited, which are the best evidence of their contents; otherwise denies

the allegations contained in paragraph 35.

36. Admits the allegation contained in the first sentence of paragraph 36 that the Forest Service did not permit any operations on the Clark timber sale until it fully complied with the survey requirements of the stipulation and proposed order; otherwise denies the allegations contained in the first sentence of paragraph 36. Admits the allegations contained in the second sentence of paragraph 36 that the Forest Service rejected Zip-O's operating plan and that operations were not allowed until survey and management modifications were agreed upon; otherwise denies the allegations contained in the second sentence of paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by the July 28, 2003 and July 30, 2003 letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 37.

38. Denies.

39. Admits the allegations contained in paragraph 39 to the extent supported by the August 11, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39. Avers that the referenced letter is properly identified as dated July 9, 2003.

40. Admits the allegations contained in paragraph 40 to the extent supported by the court injunction cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits.

42. Denies the allegations contained in the first sentence of paragraph 42. Avers that at the time of the first suspension, Zip-O had deposits on the sale totaling $293,000. Admits the

remaining allegations in paragraph 42.

43. Admits the allegations contained in the first sentence of paragraph 43. Denies the remaining allegations contained in paragraph 43. Avers that the performance bond on the sale was reduced to $9,800 on May 12, 2000.

44. Denies the allegations contained in paragraph 44 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

45. Denies the allegations contained in paragraph 45 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

46. Denies the allegations contained in paragraph 46 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

47. Denies the allegations contained in the first sentence of paragraph 47. Avers that Zip-O had earned $363,870.46 in purchaser road credits. Denies the remaining allegations contained in paragraph 47.

48. The allegations contained in paragraph 48 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the December 1, 2003 letter, which is the best evidence of its contents, otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent supported by the

December 5, 2003 contracting officer's response cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the January 21, 2004 contracting officer's response cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the March 12, 2004 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53. Admits the allegations contained in paragraph 53 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54. Denies.

55. Defendant's responses to paragraphs 1 through 53 of the complaint are incorporated by reference.

56. Denies.

57. Defendant's responses to paragraphs 1 through 53 of the complaint are incorporated by reference.

58. Denies.

59. Defendant's responses to paragraphs 1 through 53 of the complaint are incorporated by reference.

60. Denies.

61. Defendant's responses to paragraphs 1 through 53 of the complaint are incorporated

by reference.

62. Denies.

63. Defendant's responses to paragraphs 1 through 53 of the complaint are incorporated by reference.

64. Denies.

65. Denies that plaintiff is entitled to the relief requested in the sections following the "Wherefore" clause of its complaint or to any additional relief whatsoever.

66. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, the Government requests that the complaint be dismissed with prejudice and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:
MARCUS R. WAH
Attorney
1734 Federal Building
1220 S.W. Third Ave.
Portland, OR 97204-2825

October 7, 2004

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 307-5958
Fax: (202) 305-2118
Attorneys for Defendant