**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ZIP-O-LOG MILLS, INC., dba<br>ZIP-O TIMBER CO.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-1123C<br>(Judge Williams) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report:

a. Does the Court have jurisdiction over the action?

Plaintiff Zip-O-Log Mills, Inc. asserts jurisdiction pursuant to 28 U.S.C. § 1491. At this time, the United States is not aware of any reason why the Court would not possess jurisdiction.

b. Should the case be consolidated with any other case?

No. This case involves the Forest Service's suspension of the Clark timber sale contract no. 095145 on the Willamette National Forest in Oregon. Defendant contends that part of the suspension was the result of the Forest Service's need to suspend operations in order to engage in formal consultation with the National Marine Fisheries Service regarding the Upper Willamette spring chinook salmon and part of this suspension was a result of the Forest Service's need to complete certain surveys of wildlife and plants required under the Northwest Forest Plan in the wake of the decision in Oregon Natural Resources Council Action v. U.S. Forest Service and the Bureau of Land Management, 59 F. Supp.2d 1085 (W.D. Wash. 1999) ("ONRC Action"). To

the extent that this case will involve an examination of issues raised in the ONRC Action case, this case is indirectly related to Blue Lake Forest Products, Inc., et al. v. United States, Nos. 01-570C, 01-627C and 04-501C which also involves Forest Service timber sale suspensions made in the wake of the ONRC Action decision. However, the parties concur that consolidation with the Blue Lake Forest Products case is not appropriate at this time.

c. Should the trial of liability and damages be bifurcated?

Yes. The issues with regard to liability and damages are sufficiently discrete that they should not be addressed together, and once the question of liability has been resolved, the parties may be able to resolve the damages issues without further trial proceedings.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

No.

e. Will a remand or a suspension be sought.

No.

f. Will additional parties be joined?

No.

g. Does either party intend to file a motion pursuant to RCFC 12(b) or 56 and, if so, what is the proposed schedule for the intended filing?

Both parties may file dispositive motions as to liability after the completion of discovery on liability.

h. What are the relevant issues?

1. Whether the United States Forest Service breached the Clark timber sale contract by suspending that contract.

2. Whether the suspension of the Clark timber sale contract was unreasonable as to cause and/or duration.

3. What damages, if any, is plaintiff entitled to as a result of the Forest Service's suspension of the Clark timber sale contract.

i. What is the likelihood of settlement?

Counsel of record for the parties have briefly discussed the possibility of settlement. However, at this time, the parties cannot state whether this case can be settled. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

If these cases cannot be resolved through settlement or dispositive motions, the parties anticipate that they will proceed to trial. Neither party requests an expedited trial schedule. If a trial is required, the parties currently believe that it should be held in Eugene, Oregon, the location most convenient to the potential witnesses.

k. Are there special issues regarding electronic case management needs?

No.

l. Is there any other information of which the Court should be aware at this time?

No.

m. What is the proposed discovery plan?

The parties propose that initial voluntary disclosure as to liability will take place on March 18, 2005 and that discovery as to damages, including voluntary initial disclosures, be deferred until after the question of liability has been resolved. The parties propose that discovery on the issue of liability commence beginning on March 18, 2005 and conclude on October 15,

2005. The parties propose that the initial disclosure of any expert reports and expert testimony on liability under CoFC Rule 26(a)(2) be made on or before August 5, 2005.

Respectfully submitted,

For Plaintiff:

s/Gary G. Stevens
GARY G. STEVENS
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
Tel: (202) 452-2140
Fax: (202) 775-8217
Attorney for Plaintiff

For Defendant:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker by Robert E. Kirschman, Jr.
KATHRYN A. BLEECKER
Assistant Director

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St. NW
Attn: 8th Floor Classification Unit
Washington, D.C. 20530
Tel: (202) 307-5958
Fax: (202) 305-2118
Attorneys for Defendant

Dated: January 14, 2005